IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RAYMOND D. COMER, JR.,

        Petitioner,        Civil No. 09-1336-AA

    v.                              ORDER

JAMES BARTLETT,

        Respondent

AIKEN, District Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to the Judgment, dated February 27, 2003, from Lane County Court Case No. 200214619, after convictions for three counts of Sodomy in the First Degree, three counts of Sexual Abuse in the First Degree and four counts of Rape in the First Degree.

    Following a jury trial, the court sentenced petitioner to a total of 200 months' imprisonment. Motion to Dismiss (#7) Attachment A. The court amended the Judgment on March 6, 2003, to reflect a correction in the prison term, specifically the post-prison supervision language. Id., Attachment B. A

1 - ORDER

second Amended Judgment was entered October 20, 2008, after a Motion to Amend was filed by petitioner requesting Count I be corrected and read "100-months as a pre-guideline sentence." Id., Attachment C.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Id., Attachment D.

Petitioner filed a *pro se* petition for post-conviction relief in Marion County Circuit Court, but relief was denied. Id., Attachment E. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Id., Attachment F.

As a result of the amended judgment, petitioner went back to the direct appeal process. The state filed a motion for summary affirmance on November 10, 2009, and the Court of Appeals granted the motion on January 15, 2010. As of the date of the filing of respondent's Motion to Dismiss (#7) [February 8, 2010] petitioner was still within the time period to petition for review by the Oregon Supreme Court. Or. Rev. Stat. § 2.520, and the appellate judgment had not issued. Id., Attachment G.

Respondent moves to dismiss the petition without prejudice on the grounds that petitioner has not exhausted his available state remedies. Motion to Dismiss (#7). Specifically, "at the time [the petition] was filed, petitioner's second direct appeal was ... pending."

2 - ORDER

Memorandum (#8) p. 3.

A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings (eg. state post-conviction relief) before a federal court may consider federal habeas corpus relief. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Coleman v. Thompson, 501 U.S. 722 (1991) [requiring dismissal of federal petition unless all available state remedies as to all federal claims are exhausted]. The essence of the requirement is that no state remedy exists at the time the petition was filed. Rose v. Lundy, 455 U.S. 509 (1982). A prisoner satisfies the exhaustion requirement by "fairly presenting" his claims to the highest state court with jurisdiction to consider them, thereby affording the state courts the opportunity to consider the allegations of legal error and correct any violations of its prisoner's federal rights. Baldwin v. Reese, 541 U.S. 27, 29 (2004)(citing Duncan v. Henry, 513 U.S. 364, 365 (1995)). In Oregon, this requirement is satisfied when the claim is fairly presented to the state supreme court. Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003).

The appropriate time to determine whether claims are exhausted is the date a petitioner files his federal habeas corpus petition. Brown v. Maass, 11 F.3d 914 (9th Cir. 1993).

In this case, petitioner acknowledges the appellate judgment concerning petition's state proceeding had not issued

3 - ORDER

at the time he filed his federal petition. Reply (#9) p. 1. Accordingly, respondent's Motion to Dismiss (#7) is allowed. Petitioner's Petition (#1) is denied without prejudice. Petitioner may re-file the petition when he has completed his pending appeal.

This proceeding is dismissed.

IT IS SO ORDERED
DATED this 15th day of April, 2010.

_____
Ann Aiken
United State District Judge

4 - ORDER